**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernesto Zaragosa-Solis,<br><br>Petitioner,<br><br>v.<br><br>M. Gutierrez,<br><br>Respondent. | No. CV-22-00498-TUC-JCH (LCK)<br><br>**ORDER** |

In this case, incarcerated pro se Petitioner's only remaining claim alleges a violation of his due process rights in a disciplinary hearing. *See* Doc. 7 (dismissing two of three claims in the Petition (Doc. 1)). While merits briefing was in process, Petitioner filed a motion to preclude Respondent from transferring him without Court permission (Doc. 18), Respondent filed a Request for Transfer Authorization (Doc. 19), and Petitioner filed a motion for preliminary injunction (Doc. 20). Magistrate Judge Lynnette C. Kimmins issued a Report and Recommendation ("R&R") recommending the Court grant Respondent's request to transfer, deny as moot Petitioner's motion to preclude, and deny Petitioner's motion for injunctive relief. Doc. 38. The R&R notified Petitioner and Respondent that they had 14 days in which to object. Doc. 38 at 5. Petitioner subsequently requested and the Court granted a 21-day extension to object no later than July 5, 2023. Docs. 40, 42.

On June 1, Petitioner filed a combined "Motion to Appoint Counsel, Motion for Leave to Conduct Briefing, and Motion to Amend Petition." Doc. 39.

On June 12, Petitioner filed another "Motion to Amend/Correct Petition." Doc. 41.

On June 26, Petitioner filed a "Motion for a Stay Pending Ninth Circuit Decision." Doc. 46. In the Motion to Stay, Petitioner in part sought to resist his transfer, apparently objecting to the R&R's conclusion that transferring Petitioner would not moot his claim and contending that his transfer would cause him to lose access to his cellmate, who helps Petitioner prepare his legal filings. *See* Doc. 46 at 4–6.

On June 29, in Petitioner's other case before the undersigned, Petitioner filed an Emergency Motion for Temporary Restraining Order under seal seeking to block his transfer. *See* 22-cv-562 Doc. 38. The Emergency Motion alleges different reasons to block Petitioner's transfer, apparently unrelated to the facts of either of Petitioner's cases. The Court denied Petitioner's emergency motion in an order under seal filed the same day as this Order.

Also on June 29, Petitioner filed a second motion for extension of time to object to the R&R. Doc. 47. Judge Kimmins subsequently denied Petitioner's Motion to Stay, his first Motion to Amend, and his Motions to Appoint Counsel and Conduct briefing. Doc. 50. The Court granted Petitioner a small time extension to July 21, but admonished him not to continue filing indirect objections to the R&R. Doc. 51 at 3.

On July 19, Petitioner filed a second motion for stay, together with a motion for evidentiary hearing. Doc. 52.

On July 20, Petitioner filed a third motion to amend/correct petition, together with a lodged proposed amended petition. Docs. 53, 54.

On July 26, Petitioner filed objections to the R&R (Doc. 38) as well as objections to Judge Kimmins's Order (Doc. 50) denying Petitioner's motions to conduct briefing and for counsel, second motion to amend, and first motion to stay. Doc. 58.

Briefing on the R&R is now complete, and the Court will adopt it in full for the following reasons. The Court also construes Plaintiff's objections to Judge Kimmins's Order (Doc. 50) as a motion for reconsideration and will deny it as such.

I.  **Legal Standard**

A district court reviews objected portions of an R&R de novo. 28 U.S.C.

§ 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989).

**II.  Analysis**

    **A.  Objection to Report and Recommendation (Doc. 38)**

Here, the Court must review the R&R's reasoning and recommended disposition de novo because Petitioner raises numerous objections to them. The R&R considers three underlying motions: (1) Petitioner's Motion for Order Requiring Transfer Authorization (Doc. 18) ("Motion I"); (2) Respondent's Motion for Permission to Transfer Petitioner (Doc. 19) ("Motion II"); and (3) Petitioner's Request for Preliminary Injunction (Doc. 20) ("Motion III").

        **i.  Motion I**

In Motion I, Petitioner seeks an order restricting his transfer from USPC Tucson under Rule 23(a) of the Federal Rules of Appellate Procedure. Doc. 18 at 1. Petitioner asks the Court to require Respondent to seek and receive leave of Court before transferring Petitioner and after Petitioner has an opportunity to respond. Doc. 18 at 4. Subsequently, Respondent did seek the Court's authorization to transfer Petitioner, Doc. 19, and Petitioner responded. *See, e.g.*, Docs. 20, 58. Motion I is therefore moot, as the R&R correctly noted. Doc. 38 at 2. The Court will deny as moot Motion I.

        **ii.  Motion II**

In Motion II, Respondent seeks permission to transfer Petitioner under Rule 23(a) of the Federal Appellate Rules of Procedure. Doc. 19 at 1. Rule 23(a) provides:

> Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule. When, upon application, a custodian shows the need for a transfer, the court, justice, or judge rendering the decision under review may authorize the transfer and substitute the successor custodian as a party.

Without conceding that the Court has jurisdiction to order Petitioner's relief, Respondent alleges the need to transfer Petitioner because (1) Petitioner has engaged in repeated

institutional misconduct; (2) the facility Petitioner will be transferred to is the same security level and houses similar inmates; (3) the facility Petitioner will be transferred to has similar legal assistance resources; and (4) the Bureau of Prisons ("BOP") has considered Petitioner's security situation and determined that transfer is appropriate and warranted. Doc. 19 at 3.

Petitioner objects primarily that (1) Respondent seeks to transfer him in retaliation for Petitioner's continued litigation; (2) transferring Petitioner will moot any claim challenging his current confinement in the Special Holding Unit ("SHU"); (3) transferring Petitioner will cause the Court and the Ninth Circuit to lose jurisdiction over that potential claim; and (4) transferring Petitioner will cause Petitioner to lose access to the only available jailhouse lawyer in the SHU willing to help him. Doc. 58 at 4–25.

The Court notes its initial skepticism that Petitioner's petition is "pending review" within the meaning of Rule 23(a). The Court has not yet ruled on the petition. Instead, the Court dismissed Grounds 2 and 3 of the petition because they challenged Petitioner's conditions of confinement, which is not cognizable in habeas proceedings. The remaining claim, and the only cognizable habeas claim, is fully briefed and awaits the Court's decision. Setting that to the side, the Court adopts the R&R for the following reasons.

**1. Retaliation objection**

Petitioner objects that Respondent seeks to transfer him in retaliation for his litigation. *See, e.g.*, Doc. 58 at 7–8, 10–11. Petitioner also alleged Respondent threatened him with "long-term housing in the SHU and transfer" in his underlying petition. *See* Doc. 1 at 6 (Ground 3). The Court subsequently dismissed Ground 3. Doc. 7 at 3. The Court explained that Ground 3 asserts "claims regarding Petitioner's conditions of confinement, which are not cognizable in a federal habeas corpus proceeding. *Id.* (citing *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991)). The R&R made the same point, also citing *Badea*. Doc. 38 at 2–3.

To the extent Petitioner seeks to challenge the conditions of his confinement, he cannot do so in a habeas corpus proceeding. *See, e.g.*, *Badea*, 931 F.2d at 574 ("Habeas

corpus proceedings are the proper mechanism for a prisoner to challenge the 'legality or duration' of confinement. A civil rights action, in contrast, is the proper method of challenging 'conditions of ... confinement.'") (citations omitted); *see also Pinson v. Carvajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (same). The only remaining claim in this case, and the only claim over which the Court has jurisdiction, concerns Petitioner's loss of good conduct time. *See* Doc. 7 at 1–3. That issue is fully briefed and awaits the Court's decision. Petitioner's renewed allegations challenging Respondent's motivation are therefore misplaced.

### 2. Mootness objection

Petitioner objects that transferring Petitioner will moot any claim challenging his current confinement in the Special Holding Unit ("SHU"). *See* Doc. 58 at 6, 8–9. The only remaining claim in this case is not related to Petitioner's confinement in the SHU. Transferring Petitioner will not moot that remaining claim. *See Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990) ("[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."). To the extent Petitioner seeks to dictate where Petitioner is housed, that right was fundamentally circumscribed when Petitioner became incarcerated. *See, e.g.*, *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976). The Court notes that Petitioner's pending motion to amend the petition and add a challenge to Petitioner's SHU confinement is not a proper basis for resisting transfer. If it were, inmates could postpone transfer indefinitely merely by filing motion after motion. To the extent Petitioner objects that Respondent is transferring him specifically to moot his potential SHU claim, the Court observes that Respondent requested to transfer Petitioner before Petitioner moved to amend. *Compare* Doc. 19, *with* Doc. 41.

### 3. Jurisdiction objection

Petitioner objects that transferring Petitioner will cause the Court and the Ninth Circuit to lose jurisdiction over Petitioner's potential challenge to confinement in the SHU. *See* Doc. 58 at 6, 10. As just noted, jurisdiction over Petitioner's only claim is not destroyed

by transfer. *Francis v. Rison*, 894 F.2d 353, 354 (9th Cir. 1990). Petitioner's pending motion to amend the petition is not a basis for objecting to the R&R.

### 4. Access to justice objection

Petitioner objects that transferring Petitioner will cause Petitioner to lose access to the only available jailhouse lawyer willing to help him. Doc. 58 at 11–25. Petitioner argues the right of access to the courts "splits itself into two avenues of relief: (1) right to assistance claims, and (2) interference claims." Doc. 58 at 13 (citing *Silva v. DiVittorio*, 658 F.3d 1090, 1102–04 (9th Cir. 2011); *Lewis v. Casey*, 518 U.S. 343, 354 (1996)).

Petitioner again overlooks that Petitioner has not brought an access-to-courts claim in this case. This is a habeas proceeding where the only remaining claim concerns Petitioner's loss of good conduct time. *See, e.g.*, *Silva*, 658 F.3d at 1096 ("[Plaintiff's amended complaint] reasserted his claim under § 1983 that the Defendants violated his First and Fourteenth Amendment right to access the courts[.]"); *Lewis*, 518 U.S. at 346 ("[Plaintiffs] filed this class action … alleging that [Defendants] were 'depriving [Plaintiffs] of their rights of access to the courts and counsel protected by the First, Sixth, and Fourteenth Amendments."). Petitioner's arguments are therefore improper bases for objecting to the R&R's recommendation to grant Respondent's motion to transfer Petitioner. The Court will consider Petitioner's arguments in the context of Petitioner's Motion for Preliminary Injunction (Motion III, Doc. 20) more completely below.

### 5. Miscellaneous objections

To the extent Petitioner raises other objections to the R&R not discussed above, the Court finds them unpersuasive. The Court will adopt the R&R in full and grant Respondent's Motion II.

### iii. Motion III

In Motion III, Petitioner seeks a preliminary injunction (1) ordering Petitioner's immediate release; (2) enjoining Petitioner's transfer; (3) enjoining Respondent from housing inmates with mental illness in the SHU for more than 30 days; and (4) enjoining Respondent from denying Segregation Review Officials to SHU inmates. Doc. 20 at 14.

As the R&R correctly noted, release is not a remedy to which Petitioner is entitled under any of his claims, particularly the only remaining claim for loss of good conduct time. *See* Doc. 38 at 2 n. 1.[1] Petitioner's other requested relief similarly bears no relationship to the injury claimed. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 636 (9th Cir. 2015). Even if Petitioner's requested relief bore some relationship to the two dismissed claims, Petitioner has not demonstrated a likelihood of success on the merits of those claims, *see Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), because the law clearly prohibits challenging conditions of confinement in a habeas petition.

Motion III also asks the Court to grant leave to expand the record and hold an evidentiary hearing. Doc. 20 at 2–7. Petitioner seeks to substantiate his claims that Respondent is holding him and others in the SHU long term and subjecting them to transfers as a method of retaliation. Petitioner's relief, again, has nothing to do with the loss of good conduct time that is the only remaining claim in this case and thus within the Court's jurisdiction.

In objecting to the R&R, Petitioner urges that access to the courts is "immediately redressable, not on appeal or in bringing yet another case." Doc. 58 at 13 (citing *Prince v. Schriro et al.*, No. CV-08-1299-PHX-SRB, 2009 WL 1456648 at *4 (D. Ariz. May 22, 2009)). The Court understands Petitioner to mean that the Court can consider his access-to-court argument for purposes of injunctive relief even though it does not relate to Petitioner's only remaining claim. Even if that were correct, *Prince* and Petitioner's other cases are unpersuasive. *Prince*, for example, wrote that "in unusual circumstances (as here), where the preliminary injunction relates to the inmate's access to the district court, the district court need not consider the merits of the underlying complaint in considering whether to grant a preliminary injunction." 2009 WL 1456648 at *4. But the "unusual circumstances" in *Prince* involved substantial evidence that petitioner there needed a

---

[1] To the extent Petitioner seeks release from the SHU as a remedy, it is inappropriate because Petitioner cannot challenge the conditions of his confinement in a habeas proceeding. In any event, Petitioner has no liberty interest in being housed in the general population. *See Toussaint v. McCarthy*, 801 F.2d 1080, 1091 (9th Cir. 1986).

typewriter and was being denied access to one. *See id.* at *2. By contrast, here Petitioner simply asserts that Petitioner's access to the courts will be severed if Petitioner is transferred.[2] Petitioner's arguments are also unpersuasive because briefing on the only remaining claim in this case is complete. Petitioner therefore asks the Court to enjoin Petitioner's transfer by speculating that Petitioner's access to the courts in hypothetical future litigation is at issue. That is insufficient to show "actual injury."

For those reasons, the Court will adopt the R&R and deny Petitioner's Motion III. Before objecting to the R&R, Petitioner also filed an "Emergency Motion for a Stay of the Proceedings and Motion for an Evidentiary Hearing," Doc. 52, and subsequently filed a "Motion to Supplement Request for a Stay." Doc. 60. In these motions, Petitioner urges essentially the same arguments raised by Motions I and III and Petitioner's objections to the R&R. Judge Kimmins previously denied another motion to stay, in which Petitioner raised substantially similar arguments. *See* Doc. 50 (citing Docs. 39, 46).[3] As discussed above, in the R&R, and in Judge Kimmins's Order, Doc. 50, Petitioner's arguments are not persuasive. To the extent Petitioner's renewed arguments are a motion for reconsideration, they fail to demonstrate highly unusual circumstances that could not have been brought to the Court's attention earlier, such as an intervening change in controlling law or a clear error in the Court's reasoning.[4] *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); Fed. R. Civ. P. 59(e). For those reasons, the Court will also deny Petitioner's second motion to stay (Doc. 52) and deny as moot Petitioner's motion to supplement (Doc. 60).

---

[2] Petitioner also implies that Respondent is actively interfering with Petitioner's right to litigate. *See* Doc. 58 at 9. That is unpersuasive in part because Petitioner has filed 7 items totaling 85 pages in this case in the last month alone. *See* Docs. 52, 53, 54, 58, 60, 61, 62. Petitioner's other case before the undersigned is similarly active.

[3] Petitioner also appears to anticipate that the Court will adopt the R&R and seeks to stay the case to provide time to appeal that decision. *See* Doc. 52 at 2, 7. Petitioner has tied up Respondent's request to transfer Petitioner long enough. *See, e.g.*, Doc. 51. Petitioner's remaining claim in this case is fully briefed and will be resolved soon. The Court has considered Petitioner's many objections to transfer. The issue is now decided.

[4] Petitioner's "Motion to Supplement" points the Court to a July 26, 2023 Ninth Circuit clerk's order holding in abeyance proceedings in *Pinson v. Blanckensee*, Case No. 4:20-CV-00071-RM, pending issuance of a mandate in *Pinson v. Carvajal*, No. 21-55175. Doc. 60 at 3. The identified clerk's order is not an intervening change in controlling law or any other highly unusual circumstance.

**B. Objection to Non-Dispositive Magistrate Judge Order (Doc. 50)**

Petitioner also objects to Judge Kimmins's Order denying Petitioner's motions to conduct briefing, for appointment of counsel, and second motion to amend, as well as his first motion to stay. Doc. 58. Because Judge Kimmins's Order concerns non-dispositive issues, the Court construes Plaintiff's objections to it as a motion for reconsideration. So construed, the Court will deny Plaintiff's motion because it fails to identify highly unusual circumstances such as newly discovered evidence, clear error, or an intervening change in controlling law. *389 Orange St. Partners*, 179 F.3d at 665; Fed. R. Civ. P. 59(e).

### III. Order

For those reasons,

**IT IS ORDERED ADOPTING** the R&R (Doc. 38) in full.

**IT IS FURTHER ORDERED DENYING AS MOOT** Petitioner's "Motion for Order Requiring Transfer" (Doc. 18).

**IT IS FURTHER ORDERED GRANTING** Respondent's "Request for Transfer Authorization" (Doc. 19).

**IT IS FURTHER ORDERED DENYING** Petitioner's "Motion for Preliminary Injunction Pending Appeal" (Doc. 20).

**IT IS FURTHER ORDERED DENYING** Petitioner's "Emergency Motion for a Stay of the Proceedings and Motion for an Evidentiary Hearing" (Doc. 52).

**IT IS FURTHER ORDERED DENYING AS MOOT** Petitioner's "Motion to Supplement Request for a Stay" (Doc. 60).

**IT IS FURTHER ORDERED OVERRULING** Petitioner's objections to Judge Kimmins's Order filed at ECF Doc. 50 and, to the extent they are a motion for reconsideration, **DENIES** Petitioner's motion (Doc. 58).

Dated this 10th day of August, 2023.

John C. Hinderaker
United States District Judge