**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernesto Zaragosa-Solis,<br><br>　　　　Petitioner,<br><br>v.<br><br>M. Gutierrez,<br><br>　　　　Respondent. | No. CV-22-00498-TUC-JCH (LCK)<br><br>**ORDER** |

Before the Court are incarcerated pro se Petitioner's "Motion for Clarification of Position" (Doc. 67), and "Objections to Report and Recommendation" (Doc. 70). Defendant responded to each. *See* Docs. 72, 74.

**I.　Motion for Clarification**

Petitioner asks the Court whether its Order, Doc. 19, granted Respondent permission to transfer Petitioner to USP Terre Haute. Doc. 67 at 1. Respondent responds that the Bureau of Prisons "does not currently plan to transfer Petitioner to USP Terre Haute." Doc. 72 at 1. The Court will therefore deny as moot Petitioner's motion for clarification.

**II.　Objections to Report and Recommendation ("R&R")**

Petitioner raises nine objections to the Court's Order adopting Magistrate Judge Kimmins's R&R. Doc. 70 at 1–10. The Court construes Petitioner's objections as a motion for reconsideration. So construed, the Court will deny Petitioner's motion.

Motions for reconsideration are governed by Federal Rule of Civil Procedure 59(e). *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir.

2020). A motion for reconsideration must be denied absent "highly unusual circumstances," such as (1) "newly discovered evidence," (2) "clear error," or (3) "an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999); *see also* LRCiv. 7.2(g).

Here, Petitioner primarily repeats arguments raised in opposition to the R&R and elsewhere throughout this case.[1] Petitioner has therefore failed to identify newly discovered evidence, clear error, or an intervening change in law.

Accordingly,

**IT IS ORDERED DENYING AS MOOT** Petitioner's "Motion for Clarification" (Doc. 67).

**IT IS FURTHER ORDERED DENYING** Petitioner's "Objections to Order on Report and Recommendation" (Doc. 70).

Dated this 13th day of September, 2023.

John C. Hinderaker
United States District Judge

---

[1] There are a couple exceptions. For example, Petitioner argues the Court clearly erred by failing to consider *Prince v. Schriro et al.*, 2009 WL 1456648 (D. Ariz. May 22, 2009). Doc. 70 at 8–9. Petitioner is mistaken. *See* Doc. 63 at 7–8. This objection, like the others that do not simply reiterate prior arguments, fails to identify a basis for reconsideration.