WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernesto Zaragosa-Solis,<br><br>  Petitioner,<br><br>v.<br><br>M. Gutierrez,<br><br>  Respondent. | No. CV-22-00498-TUC-JCH (LCK)<br><br>**ORDER** |

In this case, incarcerated pro se Petitioner's only remaining claim alleges a violation of his due process rights in a disciplinary hearing. *See* Doc. 7 (dismissing two of three claims in the Petition (Doc. 1)). Before the Court is Petitioner's second Motion for Preliminary Injunction seeking to block his transfer to a different prison facility. Doc 68.

**I.  Background**

While merits briefing on the Petition was in process, Petitioner filed a motion to preclude Respondent from transferring him without Court permission (Doc. 18), Respondent filed a Request for Transfer Authorization (Doc. 19), and Petitioner filed a motion for preliminary injunction (Doc. 20). Magistrate Judge Lynnette C. Kimmins issued a Report and Recommendation ("R&R") recommending the Court grant Respondent's request to transfer, deny as moot Petitioner's motion to preclude, and deny Petitioner's motion for injunctive relief. Doc. 38. The R&R notified Petitioner and Respondent that they had 14 days in which to object. Doc. 38 at 5. Petitioner subsequently requested and the Court granted a 21-day extension to object no later than July 5, 2023. Docs. 40, 42.

On June 1, Petitioner filed a combined "Motion to Appoint Counsel, Motion for Leave to Conduct Briefing, and Motion to Amend Petition." Doc. 39.

On June 12, Petitioner filed another "Motion to Amend/Correct Petition." Doc. 41.

On June 26, Petitioner filed a "Motion for a Stay Pending Ninth Circuit Decision." Doc. 46. In the Motion to Stay, Petitioner in part sought to resist his transfer, apparently objecting to the R&R's conclusion that transferring Petitioner would not moot his claim and contending that his transfer would cause him to lose access to his cellmate, who helps Petitioner prepare his legal filings. See Doc. 46 at 4–6.

On June 29, in Petitioner's other case before the undersigned, Petitioner filed an Emergency Motion for Temporary Restraining Order under seal seeking to block his transfer. See 22-cv-562 Doc. 38. The Emergency Motion alleges different reasons to block Petitioner's transfer, apparently unrelated to the facts of either of Petitioner's cases. The Court denied Petitioner's emergency motion in an order under seal filed the same day as this Order.

Also on June 29, Petitioner filed a second motion for extension of time to object to the R&R. Doc. 47. Judge Kimmins subsequently denied Petitioner's Motion to Stay, his first Motion to Amend, and his Motions to Appoint Counsel and Conduct briefing. Doc. 50. The Court granted Petitioner a small time extension to July 21, but admonished him not to continue filing indirect objections to the R&R. Doc. 51 at 3.

On July 19, Petitioner filed a second motion for stay, together with a motion for evidentiary hearing. Doc. 52.

On July 20, Petitioner filed a third motion to amend/correct petition, together with a lodged proposed amended petition. Docs. 53, 54.

On July 26, Petitioner filed objections to the R&R (Doc. 38) as well as objections to Judge Kimmins's Order (Doc. 50) denying Petitioner's motions to conduct briefing and for counsel, second motion to amend, and first motion to stay. Doc. 58.

On August 11, 2023, the Court adopted Magistrate Judge Kimmins's Report and Recommendation ("R&R") (Doc. 38), denied as moot Petitioner's Motion for Order

Requiring Transfer (Doc 18), granted Respondent's Request for Transfer Authorization (Doc. 19), Denying Petitioner's Motion for Preliminary Injunction Pending Appeal (Doc. 20), and denying Petitioner's Emergency Motion for a Stay of the Proceedings and Motion for an Evidentiary Hearing (Doc. 52).

On August 14, Petitioner filed a Motion for Leave to File a Reply and a Motion for Sanctions, Doc. 64, which the Court subsequently denied as moot. Doc. 66. That same day, in Petitioner's other case, Petitioner filed a "Motion for Temporary Restraining Order Pending Appellate Decision." 22-cv-562 Doc. 49, and a "Motion for Order Regarding Appeal." 22-cv-562 Doc. 49.

On August 21, Petitioner filed a Motion for Clarification. Doc. 67.

On August 24, Petitioner filed a "Motion for Preliminary Injunction Pending Appeal," Doc. 68, a "Notice of Interlocutory Appeal" of the Court's Order adopting the R&R, Doc. 69, and "Objections to Order on Report and Recommendation." Doc. 70. That same day, in Petitioner's other case, Petitioner filed a "Motion for Clarification Order and Motion to Appoint Counsel." 22-cv-562 Doc. 57.

On September 1, in Petitioner's other case, Petitioner filed a "Motion for Clarification Order and Motion to Appoint Counsel." 22-cv-562 Doc. 57. Petitioner also filed a "Motion for Early Expedited Discovery," 22-cv-562 Doc. 66, and a "Motion to Supplement Preliminary Injunction." 22-cv-562 Doc. 68.

On September 14, the Court denied as moot Petitioner's motion for clarification (Doc. 67) and denied Petitioner's "Objections to Order on Report and Recommendation" (Doc. 70). Doc. 75.

Remaining before the Court in this case is Petitioner's "Motion for Preliminary Injunction Pending Appeal." Doc. 68. The Government responded, Doc. 73, but Petitioner has not replied as of the date of this Order. *See generally* docket. In his Motion for Preliminary Injunction, Petitioner reiterates his concerns with the Court's ability to decide his case fairly. *See generally* Doc. 68. He "renews his request for a stay of [the Court's Order adopting the R&R]," *id.* at 5, based on his concern that the Court's ruling "close[d]

the courthouse doors" to the "torture, abuse and death [of 15 inmates] by [their] custodians." *Id.* at 6.

## II.     Legal Standard

Whether to grant or deny a motion for a preliminary injunction is within the Court's discretion. *See Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1132-33 (9th Cir. 1979). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)); *see also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted) ("[a] preliminary injunction is an extraordinary remedy never awarded as of right").  Nonetheless, "federal courts must not shrink from their obligation to enforce the constitutional rights of all persons, including prisoners" and must not "allow constitutional violations to continue simply because a remedy would involve intrusion into the realm of prison administration." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021) (citation omitted).

A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest. *Winter*, 555 U.S. at 20. When the government opposes a preliminary injunction," [t]he third and fourth factors of the preliminary-injunction test—balance of equities and public interest—merge into one inquiry." *Porretti v. Dzurenda*, 11 F.4th 1037, 1047 (9th Cir. 2021). The "balance of equities" concerns the burdens or hardships to a prisoner complainant compared with the burden on the government defendants if an injunction is ordered. *Id.*  The public interest mostly concerns the injunction's impact on nonparties rather than parties. *Id.* (citation omitted).  Regardless, "[i]t is always in the public interest to prevent the violation of a party's constitutional rights." *Id.* (citation omitted).  Regardless of which standard applies, the movant "has the burden of proof on each element of the test." *See Envtl. Council of Sacramento v. Slater,* 184 F. Supp. 2d 1016, 1027 (E.D. Cal.

2000).

The Court lacks jurisdiction over claims for injunctive relief that are not related to the claims pleaded in the operative complaint. *See Pac. Radiation Oncology, LLC v. Queen's Med. Center*, 810 F.3d 631, 636 (9th Cir. 2015) ("[w]hen a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction"); *see also Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (a party seeking injunctive relief must establish a relationship between the claimed injury and the conduct asserted in the complaint); *see also Prince v. Schriro, et al.*, CV-08-1299-PHX-SRB, 2009 WL 1456648, at *4 (D. Ariz. May 22, 2009) (unless a claim concerns access to the courts, the Plaintiff must show a nexus between the relief sought and the claims in the lawsuit).

**III.    Analysis**

Petitioners (now second) motion for preliminary injunction is another effort to block his transfer. The Court again finds this effort unjustified. To start, Petitioner does not refer to or argue under any of the *Winters* factors. Instead, he vaguely implies that by allowing his transfer, the Court has endorsed a variety of constitutional violations not implicated by Petitioner's remaining claim in this case. *See* Doc. 68 at 1–6. The Court will deny Petitioner's motion for that reason. *Cf. Fuller v. Granville*, No. CV 14-0020-PHX-DGC, 2014 WL 4541122, at *6 (D. Ariz. Sept. 12, 2014) (denying preliminary injunction where Plaintiff failed to address each element of the test); *Olmos v. Ryan*, No. 10-2564-PHX-GMS-MEA, 2012 WL 177859, at * 3 (D. Ariz. Jan. 23, 2012) (same).

Even if Petitioner had discussed the *Winters* factors, they do not support his motion. First, Petitioner is unlikely to succeed on the merits. The Court adopted the R&R for a variety of reasons and responded to Petitioner's objections while doing so. At bottom, the Bureau of Prisons ("BOP") has broad discretion to transfer prisoners for non-retaliatory reasons, Petitioner's only remaining claim in this case does not concern retaliation, and the Court can see no reason to second-guess the BOP's decision.  Second, Petitioner is unlikely to suffer irreparable harm as the result of his transfer for the reasons the Court provided in

its Order adopting the R&R and ruling on Petitioner's Motion for Clarification. *See* Docs. 63, 75. Third, the balance of equities and the public interest do not weigh in Petitioner's favor because the BOP has decided that transferring Petitioner is appropriate and Petitioner's efforts to resist that transfer have all so far lacked merit.

IV.     **Order**

Accordingly,

**IT IS ORDERED DENYING** Petitioner's Motion for Preliminary Injunction (Doc. 68).

Dated this 27th day of September, 2023.

John C. Hinderaker
United States District Judge