IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ernesto Zaragosa-Solis,<br><br>    Petitioner,<br><br>v.<br><br>M. Gutierrez,<br><br>    Respondent. | No. CV-22-00498-TUC-JCH<br><br>**ORDER** |

On January 18, 2024, Magistrate Judge Lynette C. Kimmins issued a Report and Recommendation (R&R), recommending that the Court deny Petitioner Ernesto Zaragosa-Solis's Motion to Amend (Docs. 41, 53) and dismiss his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. 1). (Doc. 85.) The R&R notified the parties they had fourteen (14) days from the date of the R&R to file any objections. (*Id.* at 12.) No objections have been filed.

**I.  Interlocutory Appeal**

During the pendency of this case, Petitioner filed two interlocutory appeals in the Ninth Circuit, and three motions in this Court: two seeking preliminary injunctions pending appeal, and one asking to stay proceedings pending appeal. (Docs. 11, 20, 52, 68, 69.) The Court denied the injunctive motions and the motion to stay. (Docs. 50, 63, 76.) The Ninth Circuit affirmed the Court's order denying the first motion for preliminary injunction. (Advance Decision, Doc. 84, mandate issued Jan. 6, 2024.) One appeal remains, challenging the Court's denial of Petitioner's second motion for a preliminary

injunction. (*See* Doc. 71.) The second motion sought to immediately release Petitioner, to prevent Petitioner's transfer and placement with mentally ill inmates, and to prohibit Respondent's denial of "Segregation Review Officials to [Special Housing Unit (SHU)] inmates." (Doc. 63 at 6; Doc. 69.)

"The filing of a notice of appeal 'confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *United States v. Ortega-Lopez*, 988 F.2d 70, 72 (9th Cir. 1993) (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982)). However, an "application for an appeal . . . shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order." 28 U.S.C. § 1292(b).

While the Ninth Circuit has jurisdiction to review the Court's preliminary injunction order pursuant to 28 U.S.C. § 1292(a)(1), this limited appeal does not divest the Court's jurisdiction over deciding Petitioner's motion to amend or the merits of the underlying habeas petition. The Court's decision here is independent of the factual and legal issues raised on appeal. In addition, Petitioner was aware that his pending appeal did not stay proceedings. (Doc. 63.) The Court, therefore, retains jurisdiction to consider amendment and the merits of the habeas petition.

**II.   Standard of Review**

If no objections are filed, the district judge is not required to review the magistrate judge's R&R under any specified standard of review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). However, the district judge may conduct further review, "*sua sponte* or at the request of a party, under a *de novo* or any other standard." *Id.* at 154.

The Court has reviewed the Petition (Doc. 1), Respondent's Answer and subsequent Notice of Errata (Docs. 14, 15), Petitioner's Reply (Doc. 17), Respondent's supplemental brief (Docs. 80, 83), Petitioner's request to amend the Petition (Doc. 41, 53), Respondent's objection to amendment[1] (Doc. 77), and the Magistrate Judge's R&R (Doc. 85). For the reasons stated below, the Court finds the R&R well–reasoned and adopts Magistrate Judge Kimmins's findings and conclusions.

---

[1] Petitioner did not file a reply nor explain why amendment was necessary.

- 2 -

### III. Petitioner's Habeas and Motion to Amend

Claim 1 alleges Petitioner's due process rights were violated during a disciplinary hearing regarding Incident Report (IR) No. 3594892. (Doc. 1 at 4.)[2] Petitioner later sought to amend the petition, at first to allege a due process violation for being housed in the SHU (Doc. 41), then later to challenge two additional IRs (IR Nos. 3424286, 2941579) and to add two more claims (Docs. 53, 54). Proposed Claim 2 asserted that after being sexually assaulted, Petitioner was unlawfully placed in the SHU's segregation unit in retaliation. (Doc. 54.) Proposed Claim 3 contended Petitioner's due process rights were violated when he was housed in the SHU. (*Id.*)

### IV. Magistrate Judge's R&R

Addressing IR No. 3424286, the Magistrate Judge noted Petitioner only lost his phone, visitation, and commissary privileges. (Doc. 85 at 3–4.) These losses did not affect the duration of confinement, and so IR No. 3424286 did not raise a cognizable habeas claim. (*Id.* at 4.)

As to IR No. 2941579, Judge Kimmins indicated that despite Petitioner's assertions to the contrary, he pursued his administrative remedy but it was rejected. (*Id.*) Petitioner did not appeal that determination, so the Magistrate Judge concluded this claim had not been administratively exhausted. (*Id.* at 5.)

For proposed Claims 2 and 3, Judge Kimmins observed that Petitioner had since been transferred to USP–Coleman in Florida, making his claims moot. (*Id.* at 6.) But in addition, because the two claims challenged Petitioner's conditions of confinement, they were not cognizable in habeas. (*Id.*) Amendment should be denied because the IRs and both claims were either non-cognizable, not exhausted, or moot, and therefore amendment was futile, Judge Kimmins concluded. (*Id.* at 2–6.)

On the merits, the Magistrate Judge analyzed Claim 1, which alleged Petitioner's due process rights were violated "because there is no factual basis for IR No. 3594892, the Detention Hearing Officer (DHO) would not provide him names of possible witnesses . . . , and the DHO refused to review video of the incident." (*Id.* at 6.) The record

---

[2] Claims 2 and 3 were previously dismissed. (Doc. 7 at 4.)

indicated Petitioner was served with the DHO decision on May 5, 2022, so he received written notice of the action. (*Id.* at 9.) Even despite Petitioner's claims to the contrary, any delay did not violate Petitioner's rights because it did not prevent him from raising his claims in this Court, Judge Kimmins stated. (*Id.*) The Magistrate Judge noted Petitioner signed a document stating he knew his rights "including the right to call witnesses," later signed a document stating he had no intention of calling any witnesses, and waived his right at the hearing. (*Id.*) Judge Kimmins reasoned that even though Petitioner claimed he needed video of the incident to locate witnesses but was denied, his waiver of his right to call witnesses and his decision not to have a staff representative at the hearing undermined his assertion. (*Id.* at 9–10.) The Magistrate added that Petitioner could have called the other inmate who was engaged in the alleged sexual misconduct but did not. (*Id.* at 10, n.3.) Further, Judge Kimmins indicated there was no documentation that Petitioner requested the video, and the DHO stated Petitioner never made such a request. (*Id.* at 10.) Finally, the DHO's findings were supported by "some evidence," the Magistrate Judge concluded, including a Bureau of Prisons staff member who saw "Petitioner kissing another inmate while his hands were in the area of the other inmate's groin," and Petitioner's admission he kissed the inmate. (*Id.* at 10–11.) This provided sufficient evidence Petitioner engaged in conduct that "disrupts or interferes with the security or orderly running of the institution (Code 299), most like engaging in sexual acts (Code 205)." (*Id.* at 11.)

**V.   Discussion**

Leave to amend should be granted "freely when justice so requires." Fed. R. Civ. P. 15(a)(2). To determine whether to grant leave to amend, the Court considers "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

The Court agrees with the Magistrate Judge, the discipline in IR No. 3424286 did not affect the legality or duration of his confinement and is therefore not cognizable in a § 2241 habeas petition. *See Wright v. Shartle*, 699 F. App'x 733 (9th Cir. 2019) (finding loss of phone and visitation privileges "do not concern the manner, location, or conditions

of [a] sentence's execution" and are not cognizable under 28 U.S.C. § 2241) (citing *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000)); *Everett v. Clark*, 52 F. App'x 959, 960 (9th Cir. 2002) (stating loss of commissary privilege and segregation are not cognizable in habeas). Petitioner's proposed Claims 2 and 3 raise challenges to his conditions of confinement and are also not cognizable. *Pinson v. Carvaajal*, 69 F.4th 1059, 1065 (9th Cir. 2023) (determining prisoners may challenge the legality or duration of confinement in habeas proceedings, but a challenge to conditions of confinement should be brought in a civil rights action); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (same). Finally, Petitioner has not exhausted his administrative remedies as to IR No. 2941579. *See Laing v. Ashcroft,* 370 F.3d 994, 997 (9th Cir. 2004) (finding a petitioner must exhaust his administrative remedies prior to filing a petition under 28 U.S.C. § 2241). Therefore, amendment is futile and the Court will deny the motions.

\*\*\*

"Where a prison disciplinary hearing may result in the loss of good time credits, . . . the inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "[T]he requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits." *Id.*; *Cato v. Rushen*, 824 F.2d 703, 704–05 (9th Cir. 1987).

The Court also agrees that Claim 1 should be dismissed. Petitioner was given written notice of the charges and an opportunity to call witnesses and present evidence—which he waived. The DHO provided written findings with sufficient evidence in support, including an eyewitness report and Petitioner's partial admission. This is all due process requires.

The Court need not issue a certificate of appealability in this matter. *See Harrison v. Ollison*, 519 F.3d 952, 958 (9th Cir. 2008) ("The plain language of [28 U.S.C.] § 2253(c)(1) does not require a petitioner to obtain a [certificate of appealability] in order

to appeal the denial of a § 2241 petition.").

Accordingly, IT IS ORDERED:

1. The R&R is ADOPTED. (Doc. 85.)
2. Petitioner Ernesto Zaragosa-Solis's Motions to Amend are DENIED. (Docs. 41, 53.)
3. Petitioner Ernesto Zaragosa-Solis's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus is DENIED and this matter DISMISSED. (Doc. 1.) The Clerk of Court shall docket accordingly.

Dated this 7th day of February, 2024.

John C. Hinderaker
United States District Judge